# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 23-327V

| | |
|---|---|
| JENNY NEIDIG,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 8, 2024 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Joseph Douglas Leavitt*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 7, 2023, Jenny Neidig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered to her on July 21, 2021. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On April 8, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 27. On April 5, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00 in pain and suffering and $100.00 in past unreimbursable expenses. Proffer at 4, ECF No. 26. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,100.00 for pain and suffering and past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNY NEIDIG,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 23-327V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S RULE 4(c) REPORT**
**CONCEDING ENTITLEMENT TO COMPENSATION**

On March 7, 2023, Jenny Neidig ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (the "Vaccine Act" or the "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA") as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination she received on July 21, 2021.  ECF No. 1 at 1.

In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as his responsive report.  Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition and medical records filed in the case.  Their opinion is that this case is appropriate for compensation under the terms of the Act.

**FACTUAL SUMMARY**

  I.  <u>Pre-Vaccination History</u>

Petitioner had no history of shoulder pain or injury in the affected arm prior to the vaccination at issue.

## II. Vaccination

Petitioner was sixty-six years old when she received a Tdap vaccination into her left deltoid on July 21, 2021. Ex. 2 at 3.

## III. Onset

On July 24, 2021, three days after her vaccination, petitioner sent a message to her primary care provider ("PCP") complaining of shoulder pain since her Tdap vaccination. Ex. 7 at 247. Her PCP replied, stating that he suspected that petitioner's vaccination had hit a nerve. *Id*. at 246.

## IV. Treatment

Several messages were sent between petitioner and her PCP in the following weeks. *See* Ex. 7 at 244-51. Ultimately, on August 2, 2021, petitioner was prescribed gabapentin for her continued pain. *Id*. at 246.

On August 19, 2021, approximately one month after her Tdap vaccination, petitioner presented in person to her PCP regarding her left shoulder pain. Ex. 3-3 at 39. An x-ray showed "mild to moderate [acromioclavicular] joint arthritis." *Id*. Petitioner was prescribed prednisone. *Id*.

On August 31, 2021, petitioner sent another message to her PCP, stating that prednisone had helped her for approximately two days, but that her pain returned. Ex. 7 at 247. Her PCP recommended physical therapy ("PT"). *Id*.

On September 13, 2021, petitioner presented to Phoenix Physical Therapy for an initial evaluation. Ex. 5 at 21. This evaluation revealed limited range of motion ("ROM"), joint mobility, and strength, due to pain. *Id*. at 25. Between September 13, 2021, and November 4,

2021, petitioner attended ten sessions of PT.  *Id*. at 21-66.  She was discharged on December 16, 2021, for non-compliance.  *Id*. at 76.

Petitioner returned to Phoenix Physical Therapy for a re-evaluation on March 23, 2022. Ex. 6 at 12.  She stated that she "thought [her] shoulder was continuing to improve until the last month or so."  *Id*.  Between March 23, 2022, and May 2, 2022, petitioner attended nine more sessions of PT, bringing her total number of sessions to nineteen.  *Id*. at 12-50.  On June 1, 2022, approximately ten months after her vaccination, petitioner was discharged from PT for non-compliance.  *Id*. at 54.

No further medical records related to petitioner's left shoulder have been filed.

V.     Duration of Injury

Petitioner received treatment for her left shoulder injury through May 2, 2022, approximately ten months post-vaccination.

VI.    Summary of Treatment

Over the course of ten months months, petitioner underwent the following treatment for her SIRVA:

- Nineteen sessions of physical therapy; and
- Was treated with gabapentin and prednisone.

## ANALYSIS

As noted above, DICP has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate.  DICP has concluded that petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table.  Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain

3

was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a)(c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

The scope of damages to be awarded is limited to petitioner's left-sided SIRVA and its related sequelae only. Petitioner has presented a demand and supporting documentation to respondent. On April 3, 2024, respondent provided a proffer on damages to petitioner. On April 4, 2024, petitioner accepted respondent's proffer.

## **PROFFER**

I.      Items of Compensation

A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$55,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$100.00**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of **$55,100.00**, in the form of a check payable to petitioner.

III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Jenny Neidig:                                       **$55,100.00**

## CONCLUSION

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a left-sided SIRVA occurring within the Table timeframe following petitioner's July 21, 2021 Tdap vaccination, and that the Court award **$55,100.00** for all damages available under Section 15(a) of the Vaccine Act, which does not include reasonable attorneys' fees and litigation costs to be determined at a later date.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings, and future pain and suffering.

                            ZOË R. WADE
                            Trial Attorney
                            Torts Branch, Civil Division

                            /s/ *Joseph Leavitt*
                            JOSEPH D. LEAVITT
                            Trial Attorney
                            Torts Branch, Civil Division
                            U.S. Department of Justice
                            P.O. Box 146
                            Ben Franklin Station
                            Washington, D.C.  20044-0146
                            Tel: (202) 616-0515
                            Email: joseph.leavitt@usdoj.gov

Dated: April 5, 2024